

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   *Main:*   *(503) 727-1000*
*Portland, OR 97204-2902*            *Desk:*   *(503) 727-1122*
*Thomas H. Edmonds*                                                                   *Fax:*    *(503) 727-1105*
*Assistant United States Attorney*                           *E-mail: Tom.Edmonds@usdoj.gov*

October 11, 2012

Benjamin B. Kim
Law Office of Benjamin Kim
294 Warner Milne Rd
Oregon City OR   97045

     Re:   *United States v. Alejandro Arroyo-Lopez*, Case No.10-CR-510-RE.
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:   This plea agreement is between this United States Attorney's Office
(USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting,
administrative, or regulatory authority.   This agreement does not apply to any charges other than
those specifically mentioned herein.

2.    **Charges**:   Defendant agrees to plead guilty to count one charged in the Superseding
Indictment filed in this case, which charges the crime of Conspiracy to Distribute and Possess with
Intent to Distribute fifty grams or more of methamphetamine or five hundred grams or more of a
mixture or substance containing a detectable amount of methamphetamine and a mixture or
substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(A), (b)(1)(C) and 846.

3.    **Penalties**: The maximum sentence on count one is not less than ten years imprisonment
and not more than life imprisonment, a fine of $4,000,000, at least 5 years of supervised release,
and a $100 fee assessment.   Defendant understands that if a mandatory minimum sentence is
required, this may restrict the application of downward departures, adjustments, and variances in
some cases. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any
remaining counts against defendant.   The USAO further agrees not to bring additional charges
against defendant in the District of Oregon arising out of this drug investigation, known to the
USAO at the time of this agreement.

5.    **Sentencing Factors**:   The parties agree that the Court must first determine the applicable
advisory guideline range, then determine a reasonable sentence considering that range and the
factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such

Benjamin B. Kim
October 11, 2012
Page 2

agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.      **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to
U.S.S.G. §§ 1B1.3 and 2D1.1 (a) is between 500 g and 1.5 kg of actual methamphetamine for a
**Base Offense Level of 36**.

7.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully
admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.   If
defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.
The USAO reserves the right to change this recommendation if defendant, between plea and
sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in
USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG
§ 3E1.1.

8.      **Government's Recommendation**: The USAO believes that the advisory guidelines
applied to this case will call for a sentence exceeding the mandatory minimum 10-year sentence.
In consideration of factors under 18 U.S.C. § 3553(a), the government will recommend the
ten-year mandatory minimum sentence in this case.

9.      **No Enhancement**:  The USAO agrees not to file for a sentencing enhancement under 21
U.S.C. § 851 if defendant has any prior felony drug convictions.

10.     **"Safety Valve" Adjustment**:   The parties agree that defendant does not meet the criteria of
18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum
sentence.

11.     **Additional Departures, Adjustments, or Variances**:

        The USAO agrees not to seek any upward departures, adjustments, or variances to the
advisory sentencing guideline range, or to seek a sentence in excess of that range, except as
specified in this agreement.   Defendant agrees not to seek any downward departures, adjustments,
or variances to the advisory sentencing guideline range under the sentencing guidelines provisions,
or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this
agreement.

12.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C.
§ 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.   Should
defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on
appeal.   Defendant also waives the right to file any collateral attack, including a motion under 28

Benjamin B. Kim
October 11, 2012
Page 3

U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.  **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.  **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.  **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.  **Forfeiture Terms**:

**A. Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, assets which defendant admits constitute the proceeds of or were used to facilitate defendant's criminal activity in violation of  21 U.S.C. §§ 841 and 846 as set forth in Count 1 of the Superseding Indictment. This includes the following assets listed in the Bill of Particulars, but is not limited to:
(1) $25,000.00 in United States Currency

**B. Agreement to Civil Forfeiture:** Defendant agrees not to file a claim, and will withdraw any claim already filed, to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding. Defendant agrees to the administrative forfeiture of the following assets:

(1) $25,000.00 in United States Currency;
(2) One Men's White Gold 18kt Gold and Diamond Rolex Watch.

**C. No Alteration or Satisfaction:** Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of

Benjamin B. Kim
October 11, 2012
Page 4

imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

**D. Assets Not Identified:** The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

17.   **Memorialization of Agreement:**   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.   **Deadline:**   This plea offer expires if not accepted by November 1, 2012, at 5:00 p.m.

Very truly yours,

S. AMANDA MARSHALL
United States Attorney

THOMAS H. EDMONDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

02-05-13
Date

Alejandro Arroyo-Lopez,   Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/5/13
Date

Benjamin B. Kim, Attorney for Defendant

Benjamin B. Kim
October 11, 2012
Page 5

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case; I fully and accurately interpreted discussions between the defendant and the attorney.

2/5/13
Date

*Daniel R. Coble*
Interpreter

Daniel R. Coble
Federally-certified
Spanish Interpreter